IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANI BOLTON; ALISON MERCKER; JAMES ARMSTRONG; BENJAMIN LYMAN; and MELISSA SUTER, <br><br> Plaintiffs, <br><br> v. <br><br> INLAND FRESH SEAFOOD CORPORATION OF AMERICA, INC.; JOEL KNOX; BILL DEMMOND; CHRIS ROSENBERGER; LES SCHNEIDER; JAMES R. URBACH; and INLAND FRESH SEAFOOD CORPORATION OF AMERICA, INC. ESOP COMMITTEE, <br><br> Defendants. | CIVIL ACTION NO. 1:22-cv-04602-LMM |

**<u>ORDER</u>**

This case comes before the Court on a motion to dismiss filed by Defendant James R. Urbach, Dkt. No. [40], and a motion to dismiss filed by the rest of the defendants, Dkt. No. [42]. After due consideration, the Court enters the following Order.

**I.     BACKGROUND**

In March 2016, Defendant Inland Fresh Seafood Corporation of America, Inc. ("Inland") established an employee stock ownership plan ("the Inland ESOP"), a defined-contribution, individual-account, employee-pension benefit

plan. Inland acts through its board of directors, which appointed Defendant Inland Fresh Seafood Corporation of America, Inc. ESOP Committee ("the ESOP Committee") to act as its agent in performing administration and management of the Inland ESOP. Defendant Joel Knox, Inland's founder and chief executive officer, is a member of the board of directors, as is Defendant Bill Demmond, Inland's chief operating officer; Defendant Chris Rosenberger, Inland's president; and Defendant Les Schneider, Inland's registered agent. Defendant James R. Urbach is trustee of the Inland Fresh Seafood Corporation of America, Inc. Employee Stock Ownership Trust ("the Trust"). At the time the Inland ESOP was created, Knox owned 80% of Inland, Demmond owned 10%, Rosenberger owned 5%, and Schnieder owned 5%.

The Inland ESOP operates as a leveraged ESOP. On November 26, 2016, the Inland ESOP purchased 100,000 shares of Inland common stock using proceeds of a $92 million loan. The Inland ESOP holds the common stock in the Trust: the unallocated shares serve as collateral for the loan, and shares are released and allocated to participants' individual accounts when principal and interest payments are made by Inland on behalf of the participants.

Plaintiffs are former Inland employees who participate in the Inland ESOP. They allege in this action that Knox, Demmond, Rosenberger, and Schnieder unlawfully used the Inland ESOP as a vehicle to enrich themselves at their employees' expense by selling their shares to the Inland ESOP at a grossly inflated price; that the board of directors and Urbach, its hand-picked trustee,

2

rubber-stamped the transaction; and that the ESOP Committee stood idly by. Based on this conduct, Plaintiffs assert four counts for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.: in Count I, they assert claims for breach of fiduciary duty under 29 U.S.C. § 1104(a)(1)(A) & (B) against all defendants; in Count II, they assert claims for prohibited transactions under 29 U.S.C. § 1106(a)-(b) against all defendants; in Count III, they assert claims for failure to monitor fiduciaries under 29 U.S.C. §§ 1002(16)(A)(i) & 1102(a) against all defendants other than Urbach; and in Count IV, they assert claims of nonfiduciary liability under 29 U.S.C. § 1132(a)(3)(B) against Knox, Demmond, Rosenberger, and Schnieder.

## II. LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Defendant Urbach's motion to dismiss was filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the motion to dismiss filed by the remaining defendants was filed under Rules 12(b)(6) and 12(b)(1). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion-to-dismiss stage, " 'all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.' " FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based on a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and for purposes of the motion, the plaintiff's allegations in the complaint are taken as true. McElmurray, 501 F.3d at 1251 (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)) (alterations omitted). In contrast, a factual attack challenges " 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are

considered.'" McElmurray, 501 F.3d at 1251 (quoting Lawrence, 919 F.2d at 1529).

## III. DISCUSSION

Defendants contend that the action must be dismissed because Plaintiffs did not exhaust their administrative remedies prior to filing suit; the deadline for filing administrative remedies has passed; Plaintiffs have failed to establish standing under Article III of the United States Constitution; and Plaintiffs have failed to meet the required pleading standard. See generally Dkt. Nos. [40-1, 42-1]. After careful review, the Court concludes that the motions to dismiss are due to be granted on exhaustion grounds.

Plaintiffs argue that administrative exhaustion was not necessary; that, in any event, exhaustion need not have been pleaded; and that if exhaustion is necessary, the case should be stayed to allow for it. Dkt. Nos. [47, 48]. None of these arguments are persuasive.

### A. Exhaustion in Required in this Circuit

Plaintiffs point to law in other circuits holding that there is no administrative exhaustion requirement for ERISA suits. Dkt. No. [48] at 16.[1] However, "[t]he law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1223 (11th Cir. 2008) (quotation marks

---

[1] Where original pagination is inconsistent with the pagination assigned by the Court's electronic filing system, the Court cites the page numbers generated by its electronic filing system.

omitted); Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1328 (11th Cir. 2006) (same); accord Mason v. Cont'l Grp., Inc., 763 F.2d 1219, 1227 (11th Cir. 1985), cert. denied, 474 U.S. 1087 (1986)). The exhaustion requirement applies both to claims for benefits and claims for violation of ERISA itself. Bickley, id. (requiring exhaustion of statutory breach-of-fiduciary-duty claims); Mason, id. (same). The Eleventh Circuit has held that courts should "apply the exhaustion requirement strictly and recognize narrow exceptions only based on exceptional circumstances." Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1318 (11th Cir. 2000).

B. **Exhaustion or an Exception to the Exhaustion Requirement Must be Pleaded**

The Eleventh Circuit requires an ERISA plaintiff to affirmatively plead exhaustion or an exception to the rule on the face of the complaint. Garcon v. United Mut. of Omaha Ins. Co., 779 F. App'x 595, 599 (11th Cir. June 24, 2019) (per curiam); Byrd v. MacPapers, Inc., 961 F.2d 157, 160-61 (11th Cir. 1992) (affirming dismissal of ERISA claim for failure to plead exhaustion of administrative remedies); Givens v. Lockheed Martin Corp., Civ. Action No. 1:15-CV-2087-LMM, 2016 WL 11544972, at *2 (N.D. Ga. Jan. 7, 2016) (citing Byrd, id.). Exhaustion or an exception to the exhaustion requirement must be pleaded beyond a mere statement that "all conditions precedent were satisfied." Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc., 57 F.3d 1040, 1042 n.2 (11th Cir. 1995); accord Springer v. Wal-Mart Assocs.' Grp. Health Plan, Inc., 908 F.2d 897, 901 (11th Cir. 1990) ("[B]are allegations of futility are no substitute

6

for the 'clear and positive' showing of futility required before suspending the exhaustion requirement."). A district court's exhaustion decision is "highly discretionary" and reviewed "only for a *clear* abuse of discretion." Bickley, 461 F.3d at 1328 (emphasis in original).

Plaintiffs argue that in Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court overruled Eleventh Circuit precedent holding that plaintiffs are required to plead exhaustion of administrative remedies or an exception to the requirement. Dkt. No. [48] at 16-18. However, under the prior-precedent rule, the Court must follow a binding Eleventh Circuit decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting en banc." United States v. Jackson, 55 F.4th 846, 853 (11th Cir. 2022) (internal quotation marks omitted). Even then, the intervening decision must be "clearly on point" and "clearly contrary" to the prior precedent. Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir. 2003) (internal quotation marks omitted). Bock is inapposite, as it addressed the Prison Litigation Reform Act ("PLRA") and its holding was limited to that statute. Randall v. Scott, 610 F.3d 701, 708 (11th Cir. 2010) (explaining that the holding in Bock "is restricted to PLRA plaintiffs and PLRA pleadings"). Therefore, Bock cannot be said to have overruled or abrogated Eleventh Circuit precedent requiring Plaintiffs to plead exhaustion, and Eleventh Circuit authority requiring exhaustion pleading remains good law.

### C.  Plaintiffs Have Not Sufficiently Pleaded Exhaustion or an Exception to the Exhaustion Requirement

Plaintiffs did not plead exhaustion. See Dkt. No. [35] ¶¶ 107-37. They suggest, however, that the amended complaint sufficiently alleges exemptions from the requirement. Dkt. No. [48] at 19-30.

First, Plaintiffs contend that certain terms of the Inland ESOP make the filing of an administrative claim optional and therefore exempt them from administrative exhaustion. Dkt. No. [48] at 19-24. In support, they highlight § 8.10 of the Inland ESOP:

> Claims and Review Procedures. While a Participant or Beneficiary *need not file a claim to receive a benefit* under the Plan, such a person *may* submit a written claim to the Committee or seek a review of the Committee's benefit determination. The Committee will afford the Participant or Beneficiary a full and fair review of such a request as provided in Supplement A.

Am. Compl., Dkt. No. [35] ¶ 110 (quoting the Inland ESOP, § 8.10, Dkt. No. [25-2] at 51) (emphasis in Am. Compl.). They also point out that the summary plan description states—without any reference to a threshold administrative requirement—that "[i]f it should happen that Plan fiduciaries misuse the Plan's money, . . . you *may* seek assistance from the U.S. Department of Labor, or you may file suit in a federal court." Dkt. No. [35-1] at 22 (quoted in Am. Compl., Dkt. No. [35] ¶ 110) (emphasis added). They further suggest that under Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203 (11th Cir. 2003), the Inland ESOP's use of "may" rather than "must" or "shall" means that a pre-suit claim was merely optional.

8

The Court is not persuaded. The Inland ESOP language that states that a participant "need not file a claim to receive a benefit under the Plan" means just that—that if a participant is entitled to a benefit under the Inland ESOP, it is unnecessary for him or her to file a claim to receive that benefit—and is not reasonably interpreted as a waiver of the exhaustion requirement. Defendants also correctly point out that in Bickley v. Caremark RX, Inc., the Eleventh Circuit affirmed a district court's determination, upon examination of similar plan language regarding the right to sue in federal court, that the exhaustion requirement applied. Bickley, 461 F.3d at 1329 (finding that the plan language "merely recite[d] plan participants' general rights under ERISA and [did] not excuse a participant from satisfying the exhaustion requirement"). Defendants also aptly note that the plan here, much like the plan in Bickley, provides the ESOP committee with the power to "construe and interpret the Plan and decide *all* questions arising in the administration, interpretation and application of the Plan and Trust Agreement" and sets out review procedures, thereby establishing a forum for administrative review. Dkt. No. [25-2] at 49-50, 60-61 (emphasis added).

Plaintiffs also misconstrue Watts. The court did not hold in Watts that a pre-suit claim was optional merely because the ESOP contained a provision stating that a claimant "may" file suit upon denial of a claim for benefits. Rather, the court held in Watts that a claim is not barred by exhaustion "if the reason the claimant failed to exhaust is that she reasonably believed, based upon what the

9

summary plan description said, that she was not required to exhaust her administrative remedies before filing a lawsuit." Watts, 316 F.3d at 1206-07. The court then found that the plaintiff held a reasonable belief that exhaustion was optional based on the plaintiff's testimony that she believed it was optional not only because of the use of the word "may" in the ESOP but also because she was proceeding pro se and had been told by a union representative that it would not do her any good to pursue an administrative appeal. Id. Here, in contrast, Plaintiffs do not plead any such belief: while Plaintiffs state that the ESOP documents "informed" them they were not required to exhaust their claims, they do not allege that they in fact believed that the ESOP summary waived the exhaustion requirement. Compare Dkt. No. [35] ¶ 111 with Watts, 316 F.3d at 1207. The attendant facts showing in Watts that the plaintiff's belief was reasonable are also absent here—there is no allegation that Plaintiffs received misleading advice, and, in fact, documents attached to the amended complaint here show that Plaintiffs' counsel was investigating the Inland ESOP within the period Plaintiffs could have timely initiated administrative review. See Dkt. No. [35-2] at 1. The Court therefore concludes that Plaintiffs have not pleaded the exceptional circumstances held to excuse the exhaustion requirement in Watts.

Second, Plaintiffs argue that they should be excused from the exhaustion requirement on futility grounds because the ESOP Committee lacks power to compel testimony or hold each defendant personally liable for the millions of dollars in losses that Plaintiffs claim. Dkt. No. [48] at 24-26, 30. However,

Plaintiffs do not support the argument with Eleventh Circuit authority, and the Court knows of none. More to the point, Plaintiffs' contention disregards the purpose of the exhaustion requirement, which is to

> reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated.

Perrino, 209 F.3d 1315 (quoting Mason, 763 F.2d at 1227). The ESOP Committee need not possess full judicial authority to serve these purposes. Administrative exhaustion would still have prompted the parties to investigate the transaction and provided a forum for attempting conciliation without court intervention, and it could have prompted the ESOP Committee or Trustee to challenge some of the other defendants on Plaintiffs' behalf. Thus, this argument also does not convince the Court that Plaintiffs should be excused from administrative exhaustion.

Third, Plaintiffs contend that they should be excused from administrative exhaustion because the ESOP Committee's self-interest would have rendered the administrative process futile. Dkt. No. [48] at 26-30. They contend that because Plaintiffs are suing the ESOP Committee and "their superiors" for millions of dollars, "[t]here is simply zero chance that even the most honorable defendant could fairly adjudicate Plaintiffs' claims without letting personal interests affect the outcome," and that futility and "denial of meaningful access to claims

11

procedures is further shown by the Plan Administrator's refusal to produce documents relevant to Plaintiffs' claims." Id.

The Court also is not persuaded by these arguments. The fact that the ESOP Committee responded to a letter requesting materials under 29 U.S.C. § 1024(b)(4) by producing only those materials enumerated in § 1024(b)(4) is hardly evidence of "stonewalling." Nor is the Court convinced that the self-interest of the ESOP Committee members would render the review process futile. As the Eleventh Circuit has explained, "[i]f futility were established by the mere fact that the plan administrator who makes initial benefits decisions and the trustees who review appeals share common interests or affiliations, the exhaustion of internal administrative remedies would be excused in virtually every case." Springer, 908 F.2d at 901; accord Lanfear, 536 F.3d at 1224 ("[T]he futility exception protects participants who are denied meaningful access to administrative procedures, not those whose claims would be heard by an interested party."). The Court also is not persuaded by Plaintiffs' speculation that the ESOP Committee's interests are so fully aligned with the other defendants that it would be impossible for it to uphold duties central to its creation. Cf. Perrino, 209 F.3d at 1319 (finding a futility objection speculative and therefore insufficient to excuse lack of exhaustion where none of the plaintiffs had attempted to pursue administrative remedies). Accordingly, the Court finds that Plaintiffs have failed to show that futility exempted them from pursuing their administrative remedies before filing suit.

### D.     No Stay of Case is Warranted

Plaintiffs argue in the alternative that the matter should be stayed to allow them to pursue their administrative remedies. Dkt. No. [48] at 30-31. They point out that in Lanfear, the Eleventh Circuit required the district court to consider such a motion, see 536 F.3d at 1225, and that the district court subsequently granted the motion, based, in part, on its concern that the case originated in a jurisdiction that did not require exhaustion and its concern that certain claims could be barred by the statute of limitations if the case were dismissed without prejudice with leave to refile, see Lanfear v. Home Depot, Inc., Civ. Action No. 1:07-CV-197-ODE, 2009 U.S. Dist. LEXIS 138053, at *6-7 (N.D. Ga. Jan. 23, 2009). Plaintiffs contend that the Court should do the same here because they should not be penalized for originating this action in the proper venue and because their case, like Lanfear, also raises statute-of-limitations concerns. Dkt. No. [48] at 30-32.

The Court does not agree that a stay is appropriate. First, a request for relief must be made by motion, and no motion to stay is pending before the Court. See Fed. R. Civ. P. 7(b).

And even if a motion to stay were properly before the Court, a stay is unwarranted. It is the law in this circuit that "plaintiffs in ERISA actions must exhaust available administrative remedies *before* suing in federal court." Lanfear, 536 F.3d at 1223 (italics added; quotation marks omitted); Bickley, 461 F.3d at 1328. To permit plaintiffs to file suit without completing—or even initiating—the

13

administrative-claims process flouts the policy reasons underlying the exhaustion requirement. See Perrino, 209 F.3d at 1315 (listing, among other purposes, reducing the number of frivolous ERISA lawsuits and minimizing the cost of dispute resolution).

That the Eleventh Circuit may be unique in requiring exhaustion of administrative remedies prior to filing suit does not justify ignoring the requirement. And, as discussed above, the amended complaint contains no allegation that Plaintiffs believed they were excepted from the Eleventh Circuit's strict enforcement of exhaustion requirements for ERISA claims, nor have they pleaded facts showing that they were denied access to the review process.

Statute-of-limitation issues alone do not justify a stay, see Byars v. Coca-Cola Co., Civ. Action File No. 1:01-CV-3124-TWT, 2005 WL 8162804, at *3 (N.D. Ga. Feb. 4, 2005) (rejecting argument that court should have entered a stay based on statute-of-limitations issues rather than dismissing unexhausted claims), particularly where, as here, Plaintiffs did not attempt to pursue their claims through the administrative process and did not even bring suit on the claims until two weeks before the expiration of the statute of repose. As the Court has stated under similar circumstances, "[p]ermitting remand in such a situation would eliminate any incentive to submit to the administrative process in the first place, essentially eliminating the exhaustion requirement," Byars, id., and "[t]here is nothing inequitable about declining to stay [a] case simply because [the] [p]laintiffs inexplicably ran themselves up against the six-year limitations

period," Howell ex rel. N. Highland Co. Empl. Stock Ownership & 401(k) Plan v. Argent Tr. Co., 1:22-cv-03959-SDG, 2023 WL 6165712, at *3 (N.D. Ga. Sept. 21, 2023) (italics omitted).

## IV. CONCLUSION

In accordance with the foregoing, Defendants' motions to dismiss the first amended complaint, Dkt. Nos. [40, 42], are **GRANTED**, and this action is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED** this 5th day of December, 2023.

_____
**Leigh Martin May**
**United States District Judge**