IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANI BOLTON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:22-cv-04602-LMM |
| : | |
| INLAND FRESH SEAFOOD : | |
| CORPORATION OF AMERICA, : | |
| INC., et al., : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court on Defendants' motion for attorney fees, Dkt. No. [57]; Defendants' motion to file a supplemental affidavit in support of the motion, Dkt. No. [66]; and Plaintiffs' oral motion to quash post-judgment subpoenas. The Court held a teleconference on the motions on June 6, 2024. After due consideration, the Court enters the following Order.

**I.  BACKGROUND**

Defendants seek post-judgment attorney fees under 29 U.S.C. § 1132(g)(1) and Rule 54(d)(2) of the Federal Rules of Civil Procedure. Shortly after Defendants filed the motion for attorney fees, Plaintiffs filed an appeal of the case on its merits. Several months after briefing of the motion for attorney fees was complete, Defendant issued subpoenas to third parties seeking Plaintiffs'

employment information and filed the motion to supplement the motion for attorney fees.

## II.   DISCUSSION AND ORDERS

A district court retains jurisdiction to consider matters collateral to those on appeal, including motions for attorney fees and costs. Domond v. PeopleNetwork APS, 750 F. App'x 844, 848 n.2 (11th Cir. Sept. 20, 2018) (per curiam); Briggs v. Briggs, 260 F. App'x 164, 165 (11th Cir. Dec. 19, 2007) (per curiam); Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 65 (11th Cir. 1982). This includes post-judgment discovery. See Ctr. for Ind. Rights v. Chevaldina, No. 21-13453, 2022 WL 4462246, at *4 n.1 (11th Cir. Sept. 26, 2022). A district court also has discretion over whether to consider a motion for attorney fees and costs while the appeal remains pending: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment.

It is the strong preference of courts in this Circuit to decide issues on their merits rather than on procedural technicalities. Thus, the Court is inclined to allow Defendants to conduct the described post-judgment discovery and supplement their motion for attorney fees. However, this must be balanced with the need for Plaintiffs to have a full and fair opportunity to respond and for preservation of judicial resources.

The Court therefore **ORDERS** the following:

The subpoenas that are the subject of the motion to quash did not comply with the notice requirement set out in Rule 45(a)(4) of the Federal Rules of Civil Procedure. Accordingly, the oral motion to quash is **GRANTED**.

Given that the decision of the Court of Appeals may affect the outcome of the motion for attorney fees and because Defendants indicate that their discovery and briefing on the motion are incomplete, the Court finds that it is in the interest of the conservation of judicial resources to deny the motion for attorney fees without prejudice. Accordingly, the motion for attorney fees, Dkt. No. [57], is **DENIED WITHOUT PREJUDICE**, and the motion for leave to supplement the motion for attorney fees, Dkt. No. [66], is **DENIED AS MOOT**.

If, after resolution of the appeal, Defendants intend to reissue subpoenas and renew the motion for attorney fees, they shall initiate a meet and confer with Plaintiffs at which time the parties are to develop a proposed scheduling order. The proposed scheduling order **SHALL** be filed within two weeks of the entry of the mandate from the Court of Appeals.

**IT IS SO ORDERED** this 7th day of June, 2024.

**Leigh Martin May**
**United States District Judge**